# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:19-CV-361-DCK

| | |
|---|---|
| KRISTEN CUCCIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROTECTIVE LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Protective Life Insurance Company's Unopposed Motion For Entry Of Order Authorizing The Release Of George Cuccia's Protected Medical Information" (Document No. 18) filed September 23, 2019. The parties have consented to Magistrate Judge jurisdiction pursuant to 18 U.S.C. § 636(b). Having carefully considered the motion and the record, and noting Plaintiff's counsel does not oppose the motion, the undersigned will grant the motion as follows:

Any entity or individual that treated, counseled, or otherwise provided medical, healthcare, or pharmaceutical services to George Cuccia (SSN: XXX-XX-2119; DOB: XX-XX-1971) is hereby authorized, directed, and ordered pursuant to the laws of North Carolina and federal law, including but not limited to the Health Insurance Portability and Accountability Act (HIPPA), to disclose upon presentation of this Order, to the law firms of Erwin, Bishop, Capitano & Moss, P.A. and Maynard, Cooper & Gale, P.C., any and all health information concerning George Cuccia created on or after January 1, 1994, including by way of example the following:

> All medical records, physicians' records, therapy records, psychiatric records, counseling records, psychotherapy records, psychological records, discharge summaries, progress notes, consultations, prescriptions, pharmacy records, records of drug abuse and alcohol abuse and treatment therefore, HIV/AIDS diagnosis or treatment, physicals and histories, nurses' notes, patient intake forms, correspondence, social worker's records, insurance records, consent for treatment, statements of account, bills, invoices or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of George Cuccia.

Unless specifically excluded by this Order, all medical records and protected health information in your possession regarding George Cuccia shall be produced and disclosed. All clerical fees and expenses shall be paid by the attorney requesting such information. This Order complies with HIPAA federal standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164.

This Order does not constitute a waiver of any physician-patient privilege, and this Order does not authorize any direct communications between Defendant, or its attorneys, and any health care provider of George Cuccia other than (1) written requests for George Cuccia's health information, and (2) communications with George Cuccia's health care providers during any deposition taken in connection with the above-styled matter.

Defendant shall provide Plaintiff with a copy of any request for George Cuccia's health information within five (5) days of making such a request, and Defendant shall further provide Plaintiff with a copy of any George Cuccia's health information produced pursuant to this Order within five (5) days of Defendant's receipt of said information.

This Order shall be effective throughout the pendency of this action.

**SO ORDERED**.

Signed: September 24, 2019

David C. Keesler
United States Magistrate Judge