# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:19-CV-361-DCK

| | |
|---|---|
| KRISTEN CUCCIA, | ) |
| Plaintiff, | ) STIPULATED ORDER FOR THE |
| | ) PRODUCTION AND EXCHANGE |
| v. | ) OF CONFIDENTIAL |
| | ) INFORMATION |
| PROTECTIVE LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

**IT IS HEREBY ORDERED** by the Court that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents that are produced, supplied, or exchanged between the parties in the above-styled action.

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL". "CONFIDENTIAL" information or documents may be referred to collectively herein as "Confidential Information". The designation of Confidential Information shall be made in the following matter:

   a. In the case of documents: (i) by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Information; or (ii) in the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, or by affixing the legend

1

"CONFIDENTIAL" to the media containing the discovery material (*e.g.*, CD-ROM, floppy disk, DVD);

    b. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all parties within ten (10) days of the deposition or other pretrial testimony, provided that only those portions of the transcript designated as "CONFIDENTIAL" shall be deemed Confidential Information; and

    c. In the case of any other discovery material, by written notice that the material constitutes Confidential Information.

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned matter and for no other purpose.

3. In the event a party challenges another party's "CONFIDENTIAL" designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

4. Confidential Information shall not be disclosed to any person, except:

    a. The requesting party and counsel;

  b. Employees or agents of such counsel assigned to and necessary to assist in the above-captioned litigation;

  c. Consultants or experts to the extent deemed necessary by counsel;

  d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and said person may not retain the Confidential Information; and

  e. The Court or jury.

  5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

  a. Inform the person of the confidential nature of the information or documents; and

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

  6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraph 4(c) and 4(d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached hereto as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from this Court.

7. In accordance with Local Civil Rule 6.1, any party seeking to file a pleading or other document with the Court that attaches, describes, discloses, or discusses Confidential Information must first submit a motion to file said pleading or document under seal.

8. Inadvertent failure to designate discovery material as Confidential Information shall not constitute a waiver of such claim and may be corrected. A producing party may designate as "CONFIDENTIAL" any discovery material that has already been produced: (i) by notifying in writing the party to whom the production has been made that the discovery material constitutes Confidential Information, or (ii) in a manner consistent with Paragraph 1.

9. At the conclusion of this litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Notwithstanding, counsel for the parties may retain copies of any Confidential Information in order to comply with their professional obligations.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to Confidential Information; or to object to the production of documents and information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

11. The production of any Confidential Information by a non-party in connection with the above-styled matter shall also be subject to and governed by the terms of this Order.

**SO ORDERED**.

Signed: October 15, 2019

_____
David C. Keesler
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-CV-00361-DCK**

| | |
|---|---|
| **KRISTEN CUCCIA,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**PROTECTIVE LIFE INSURANCE** )<br>**COMPANY,** )<br>)<br>    **Defendant.** )<br>_____ ) | **AGREEMENT TO BE BOUND BY STIPULATED ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" is confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Dated: _____                             _____

Signed in the presence of:

_____
Attorney